IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BILLY J. BALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-CV-030 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance benefits. For the reasons that follow, defendant's motion for summary judgment [doc. 12] will be denied, and plaintiff's motion for judgment on the pleadings [doc. 8] will be granted to the extent it seeks remand under sentence four of § 405(g).[1]

I.

*Procedural History*

Plaintiff applied for benefits in October 2006, claiming to be disabled by high blood pressure and pain in his back, leg, and knee. [Tr. 66, 80]. The application was denied

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in April 2008.

Later that month, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from the severe impairment of "degenerative disc disease of the cervical spine," a condition not equal to any impairment listed by the Commissioner. [Tr. 11]. The ALJ further concluded that plaintiff retains the residual functional capacity ("RFC") "to perform the full range of simple, routine and repetitive, *light* work." [Tr. 11] (emphasis added). Purporting to rely on vocational expert ("VE") testimony, the ALJ found that a significant number of jobs exist in the national economy that plaintiff can perform. [Tr. 16]. Plaintiff was accordingly deemed ineligible for benefits.

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council. [Tr. 1]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. This timely appeal followed. *See* 42 U.S.C. § 405(g).

II.

*Analysis*

The court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

2

*Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a familiar five-step analysis. *See Walters*, 127 F.3d at 529 (citing 20 C.F.R. § 404.1520). At issue in the present appeal is the fifth of those steps, the Commissioner's determination that "if other work exists in the national economy that accommodates [the claimant's RFC] and vocational factors (age, education, skills, etc.), [the claimant] is not disabled." *Id.*

A. Procedural Background

The present administrative record contains evidence from treating, consulting, and nonexamining physicians. In addition, Dr. Susan Bland testified as a medical expert at the administrative hearing. Dr. Bland summarized the medical record and opined that plaintiff can lift up to 35 pounds occasionally and up to 15 pounds frequently. [Tr. 30].

Also testifying at the administrative hearing was VE Cathy Sanders, to whom the ALJ posed four vocational hypotheticals. The ALJ based the first two questions "upon the testimony of Dr. Bland." [Tr. 33-34]. The third assumed a worker capable of almost the full range of medium exertion, and the fourth credited plaintiff's subjective allegations in full. [Tr. 34-35, 433-40].

In response to the first question, the VE testified that the hypothetical worker could perform the "limited light jobs" of "food preparation positions, dishwasher, . . . sorters and folders, laundry workers . . . and arcade attendants." [Tr. 33-34]. No jobs would be available under the second hypothetical (requiring a sit/stand option) or the fourth, and medium-level jobs were identified that the third hypothetical worker could perform. [Tr. 34-35].

The ALJ denied plaintiff's application on the basis of the VE testimony. [Tr. 16]. However, plaintiff now correctly points out that the ultimate RFC found in the ALJ's written decision is not consistent with any of the hypotheticals presented to Ms. Sanders. In his decision, the ALJ found plaintiff able "to perform the full range of simple, routine and

repetitive, *light* work as defined in 20 CFR 404.1567(b)." [Tr. 11] (emphasis added). Light work is defined, in material part, as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

However, the ALJ's first two hypotheticals were based on a claimant capable of lifting 35 pounds occasionally and 15 pounds frequently, and the third hypothetical presumed the ability to lift 50 pounds occasionally and 25 pounds frequently. All three of those questions thus fell within the range of *medium* exertion. *See* 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."). Thus, according to plaintiff, the VE's testimony does not constitute substantial evidence in support of the conclusion reached by the ALJ.

## B. Remand

It is apparent that the ALJ erred in pairing an RFC finding for *light* work with vocational hypotheticals involving a range of *medium* work. This court, like the plaintiff, finds itself unable to unravel the inconsistencies flowing from that error. *See, e.g., McCoy v. Dir., Office of Worker's Comp., Dep't of Labor*, No. 88-3926, 1989 WL 128684, at *2 (6th Cir. Oct. 30, 1989) ("[T]he ALJ's imprecise finding is essentially unreviewable by this court since it is impossible to determine what evidence the ALJ credited and what evidence he rejected.").

5

In its review of this case, the court initially questioned whether the ALJ's error was perhaps harmless. After all, the VE's response to the first hypothetical identified what she termed "limited light jobs." Further, according to the Dictionary of Occupational Titles ("DOT"), at least one of the jobs listed by the VE in fact *sometimes* requires only light exertion. *Compare* DICOT 369.387-010, 1991 WL 673053 (Laundry Worker III, light), *with* DICOT 361.685-018, 1991 WL 672987 (Laundry Worker II, medium), *and* DICOT 361.684-014, 1991 WL 672983 (Laundry Worker I, medium). However, as plaintiff recognizes, at least two of the other jobs referenced by Ms. Sanders in response to the first hypothetical appear to require *medium* or *heavy* exertion. *See* DICOT 318.687-010, 1991 WL 672755 (dishwasher, medium); DICOT 412.687-010, 1991 WL 673438 (food preparer, heavy).[2]

Ms. Sanders is undoubtedly a qualified vocational expert. Her testimony has appeared in dozens of appeals before this court. Nonetheless, on the paper record now being reviewed, there is an unexplained disconnect between what Ms. Sanders said and what the ALJ asked and/or heard.

That inconsistency could have been clarified with a single question. The Commissioner's Policy Interpretation Ruling 00-4p "imposes an affirmative duty on ALJs to ask VEs if the evidence that they have provided 'conflicts with the information provided in the DOT.'" *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (*citing*

---

[2] In response to the *second* and *fourth* hypotheticals, Ms. Sanders testified that *no* jobs would be available. [Tr. 34-35]. In response to the *third* hypothetical, Ms. Sanders identified only *medium* jobs. [Tr. 34].

6

*and quoting* SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)). Ruling 00-4p was issued to clarify the Commissioner's standards for the use of vocational expert testimony.

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
>> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>>
>> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

SSR 00-4p, 2000 WL 1898704, at *4. It is clear from the administrative transcript that the ALJ did *not* comply with SSR 00-4p [Tr. 32-36], even though his written decision states that he did. [Tr. 16] ("The undersigned finds that pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.").

An ALJ's failure to comply with SSR 00-4p often results in nothing more than harmless error. *See, e.g., Lancaster v. Comm'r of Soc. Sec.*, 228 F. App'x 563, 574 (6th. Cir. 2007) ("such a procedural requirement would not necessarily bestow upon a plaintiff the right of automatic remand where that duty was unmet") (citation omitted). However, the error in this case was not harmless. Instead, it compounded the disconnect between the ALJ's RFC finding, his hypothetical questions, and the testimony that followed.

In sum, the present ALJ found plaintiff of performing *light* jobs existing in the economy but based that decision on vocational data pertaining to the existence of some range of *medium* work. That decision quite plainly cannot survive substantial evidence review, and plaintiff's application will therefore be remanded to the Commissioner.

## C. Reversal

To the extent that plaintiff asks this court to award benefits rather than remanding his case, the request will be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*.

Although psychologist and vocational expert Norman Hankins has opined "I know of no jobs he can perform" [Tr. 384], numerous other medical sources have predicted that plaintiff is still able to work in some capacity. [Tr. 30, 339, 377, 431, 433-48]. The court is therefore not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher,* 17 F.3d at 176. Accordingly, benefits cannot be awarded by this reviewing court at this time. *See id*.

Lastly, it is noted that plaintiff has raised additional issues on appeal that have not been addressed herein pertaining to his age, education, and work history. The court has

reviewed those concerns and cannot conclude that they are grounds for reversal under the standard articulated in *Faucher*. Plaintiff is, of course, free to raise those issues on remand.

III.

*Conclusion*

The final decision of the Commissioner will be reversed and remanded for the reasoning discussed herein. An order consistent with this opinion will be entered.


ENTER:


             s/ Leon Jordan            
            United States District Judge